IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC LAMONT CHISUM, #310799  *

    v.       *  CIVIL ACTION NO. DKC-12-2697

ERIN B. SHAFFER, et al.    *

          ***

## MEMORANDUM OPINION

   Plaintiff Eric Lamont Chisum ("Chisum"), an inmate housed at the North Branch Correctional Institution ("NBCI"), filed this self-represented 42 U.S.C. § 1983 civil rights action on September 10, 2012, against NBCI and Patuxent Institution (hereinafter referred to as "Patuxent") staff Erin Shaffer, Bobby Shearin, Tina Geroghty, Michelle Taylor, Bradley Wilt, and Shawn Gainer. He seeks a declaratory judgment, along with compensatory and punitive damages, alleging that he has remained housed at NBCI despite the fact that his sentencing judge ordered that he be housed at Patuxent.  He further complains that he has been assigned to punitive segregation because of his mental illness and has been denied access to "mental hygiene treatment."  (ECF No. 1).  He claims that his Eighth and Fourteenth Amendment rights have been violated.

   In response to the Complaint, Defendants have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.  (ECF No. 12).  To date, the Motion remains unopposed.[1]  Defendants state that Chisum cannot show that they violated a constitutional right or were deliberately indifferent to his psychiatric needs.  They present the Declarations of Leslie Simpson, Erin Shaffer, Tina Geraghty, Michelle Taylor, and Shawn Gainer, behavioral science, commitment, and case management personnel at NBCI and Patuxent (ECF No. 12, Exs. 1-5).

---

[1]  Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on January 17, 2013, the court notified Plaintiff that Defendants had filed a dispositive motion, he was entitled to file opposition materials, and his failure to file an opposition or to show a genuine dispute of material fact could result in the dismissal of his case.  (ECF No. 14).

Under consideration is whether, under the appropriate summary judgment standard, Chisum has demonstrated a triable issue of fact in regard to his housing status and psychological care. No hearing is deemed necessary. *See* Local Rule 105.6. (D. Md. 2011) .

Fed. R. Civ. P. 56(a) provides that:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

The court finds no Eighth or Fourteenth Amendment deprivation. Chisum was sentenced by Judge William Simpson on October 4, 2002, to life plus ten years incarceration for first–degree murder and third-degree sex offense. ECF No. 12, Ex. 1 at Simpson Decl. & Attachment, p. 4.

Chisum was ordered confined to the Maryland Division of Correction ("DOC") with a recommendation for Patuxent evaluation.  On October 29, 2002, he was transferred to the Maryland Reception, Diagnostic & Classification Center ("MRDCC").  (*Id*. Attachment, pp. 11-12).  In accordance with Judge Simpson's recommendation, on November 7, 2002, a case manager at MRDCC requested that Chisum be considered for transfer to Patuxent for evaluation for the Eligible Person ("EP") Program.[2]  (*Id*., Attachment, p. 13).  On January 9, 2003, a determination was made that Chisum did not meet the basic eligibility requirements and would not be further evaluated for admission into Patuxent's EP program.  (*Id*.).  It was noted that Chisum did not want to be transferred to Patuxent.  (*Id*.).

On February 18, 2008, Chisum was transferred to NBCI.  (*Id*., Attachment, p. 8).  On April 28, 2008, he underwent a psychological evaluation for admission to the NBCI's Special Management Unit ("SMU").  (*Id*., Attachment, pp. 14-15).  On January 6, 2009, Chisum was placed on disciplinary segregation for institutional rule violations, to wit, use of threatening language and demonstration of insolence, disrespect or vulgar language (Rules 104 and 405).  (*Id*., Attachment, p. 37).  On February 26, 2009, he was admitted to the NBCI Behavioral Management Program ("BMP").  Two months later, on April 23, 2009, Chisum was removed from the BMP and placed back in disciplinary segregation after being found guilty of a rule violation for an assault on correctional staff.  (*Id*., Ex. 1, Attachment, p. 34).   On April 15, 2010, he was re-admitted to the BMP, but was removed in May of 2011 and placed back on disciplinary segregation for repeatedly engaging in inappropriate sexual behavior.  (ECF No. 12, Ex. 1, Attachment, p. 20).

---

[2]       Defendant Shaffer notes that the EP program is a multidisciplinary treatment approach that focuses on offender remediation and involves psychology, security, psychiatry, social work, and education.  To be eligible for evaluation for admission to the program, offenders must: (1) have three (3) or more years remaining on their sentence; (2) have an intellectual impairment or emotional imbalance; (3) be likely to respond favorably to the program and services provided at Patuxent; and (4) be better able to respond to remediation through Patuxent's programs than by other incarceration.  If the inmate meets the basic eligibility requirements for an evaluation at Patuxent, the inmate is placed on the list for consideration to be evaluated for admission into Patuxent's EP program.  (ECF No. 12, Ex. 2 at Shaffer Decl., p. 1).

On May 7, 2012, Chisum sent a letter to Defendant Shaffer requesting a transfer to Patuxent. (*Id*., Ex. 2, Attachment, p. 1).  On June 12, 2012, he was placed on the list for evaluation for admission to the EP Program. (*Id*., Ex. 2, Attachment, p. 2).  Shaffer penned a letter to Chisum, dated June 18, 2012, informing him that a number of factors are considered in selecting individuals from the list for EP Program consideration and that he should take advantage of any programming opportunities available to him at NBCI.  (*Id*., Ex. 2, Attachment, p. 3).

On August 12, 2012, Chisum sent a letter to Defendant NBCI Commitment Records Specialist Manager Tina Geraghty requesting a transfer to Patuxent.  (*Id*., Ex. 3 at Geraghty Decl.). The following day, Michelle Taylor, NBCI Commitment Records Specialist II, informed Chisum that his transfer request should be directed to his case manager because it is not a commitment issue. (*Id*., Ex. 4).  Chisum is currently housed on disciplinary segregation due to his adjustments and is scheduled to be removed from the assignment on July 27, 2016.  (*Id*., Ex. 2, Attachment, p. 3).

Chisum names NBCI Warden Shearin as a Defendant, but cites no involvement by Shearin in his institutional assignment or psychological care.  There is no showing that Warden Shearin was personally involved in Chisum's housing assignments or treatment and Chisum has provided no evidence demonstrating supervisory liability on his part.  In light of this omission, Chisum  has failed to state a cause of action against Shearin.  *See Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Further, Chisum's principal allegation that a state court judge ordered him assigned to Patuxent is erroneous.  Judge Simpson recommended that he be evaluated at Patuxent.  He was indeed evaluated for possible transfer to Patuxent one month after his sentencing and found ineligible for Patuxent's EP Program.  To the extent that Chisum complains he was not transferred to Patuxent despite his requests to Defendants Shaffer, Geraghty, Taylor, Gainer, and Wilt, there is no Fourteenth Amendment violation.  Chisum has no constitutional right to be confined at a particular

4

correctional facility or to demand to be housed in one prison verses another. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

Finally, Chisum raises the scant assertion that he was denied access to "mental hygiene treatment." As an inmate sentenced to confinement, Chisum is entitled to receive reasonable treatment for his serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A constitutional deprivation is shown by establishing a Defendant's actual knowledge or awareness of an obvious risk to Chisum's serious medical need and their failure to take steps to abate that risk. *See Farmer v. Brennan*, 511 U.S. 825, 834-836 (1994). When evaluating a mental health claim, this circuit continues to follow the standard set over thirty years ago in *Bowring v. Goodwin*, 551 F.2d 44 (4th Cir. 1977), which holds that there is no underlying distinction between an inmate's right to medical care for physical ills and its psychological and psychiatric counterpart. *Id*. at 47. An inmate is entitled to such treatment if a "[p]hysician or other health care provider, exercising ordinary skill and care at the time of the observation, concludes with reasonable certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." *Id*. The *Bowring* court concluded that the aforementioned right to such treatment is based upon the essential test of medical necessity and not upon that care considered merely desirable. *Id*. at 48.

Defendants argue that Chisum provides no particulars regarding his claim that Defendants denied him mental health treatment. The court agrees. Moreover in previous litigation, the court

found no Eighth Amendment deprivation with regard to his care.[3]  *See Chisum v. State, et al.*, Civil

Action No. DKC-09-1488 (D. Md.).

Accordingly, a separate Order shall be entered construing Defendants' Motion as a Motion

for Summary Judgment, and granting same.

March 29, 2013.                                                    /s/
                                                    DEBORAH K. CHASANOW
                                                    United States District Judge

---

[3]      The Chief Psychologist at NBCI previously affirmed that while Chisum was evaluated by mental health personnel and found to suffer from a mental illness, his major impairment stemmed from a behavioral issue.  NBCI Mental Health Care Professional Booth affirmed that Chisum was receiving psychopharmacological treatment (Trilafon, Cogentin, and/or Halodol), psychological assessment, and crisis intervention as needed.  *See Chisum v. State, et al.*, Civil Action No. DKC-09-1488 at ECF Nos. 14 & 16.